IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ERIC D. CONNER,

                                                             ORDER

                Plaintiff,

                                          Case No. 19-cv-921-bbc
                                          Appeal No. 20-1728

       v.

HEATHER SCHWENN, ANTHONY BROADBENT,
TOMAS BELZ, GARY BOUGHTON, MARK KARTMAN,
JIM SCHWOCHERT, PETER JAEGER, ELLEN RAY,
BRAD HOMPE, CINY O'DONNELL and ANDREW HULCE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On February 21, 2020, I dismissed plaintiff Eric D. Conner's complaint for his failure to state a claim upon which relief may be granted, and judgment was entered on the same day. Dkt. ##12 and 13. On March 2, 2020, plaintiff filed a motion for reconsideration of that order. Dkt. #15. On April 27, 2020, I entered an order denying plaintiff's motion for reconsideration because he failed to identify any grounds for reconsideration of the dismissal. Dkt. #26. Now plaintiff has filed a notice of appeal and requests leave to proceed in forma pauperis on appeal. Dkt. ##27 and 28.

      A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff does not have three strikes against him and I do not intend to certify that his appeal is taken in bad faith.

Therefore, after considering plaintiff's request and supporting documentation, which includes a certified copy of his inmate trust fund account statement, I conclude that plaintiff is eligible to proceed as an indigent litigant.

Although plaintiff has been found eligible to proceed in forma pauperis, the PLRA requires indigent inmates to pay the full amount of the docketing fee for his notice of appeal ($505) in increments, starting with an initial partial payment, pursuant to the formula found in 28 U.S.C. § 1915(b)(1)-(2). Based on plaintiff's inmate trust fund account statement, plaintiff is able to make an initial partial filing fee payment of $1.53 for this case, which will be due no later than May 29, 2020. Thereafter, plaintiff shall pay the remainder of the $505 appellate docketing fee for each case in monthly installments according to 28 U.S.C. § 1915(b)(2).

Plaintiff has also filed a motion to use his release account funds to pay the initial partial payment assessed to him for filing this appeal. Dkt. #28. I will grant plaintiff's motion. The language of 28 U.S.C. § 1915(b)(1) requires prison officials to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005).

Finally, plaintiff has filed a motion requesting that this appeal be heard on the full district court's record and exhibits. Dkt. #31. Plaintiff seems to be under the impression that he is responsible for getting the record of this case prepared and transmitted to the court of appeals. However, plaintiff does not need to be concerned about preparation of this court's record. The court of appeals has access to this court's docket and will obtain any documents it

deems necessary during the appeal process. Therefore, I will deny this motion as unnecessary.

ORDER

IT IS ORDERED that

1. Plaintiff Eric D. Conner's request to proceed without prepayment of the $505.00 appeal fee, dkt. #29, is GRANTED.

2. Plaintiff's motion requesting that this appeal be heard on the full district court's record and exhibits, dkt. #31, is DENIED as unnecessary.

3. Plaintiff's motion to use his release account funds to pay the $1.53 initial partial fee for filing this appeal, dkt. #28, is GRANTED. Plaintiff may have until May 29, 2020, in which to submit a check or money order made payable to the clerk of court in the amount $1.53. If, by May 29, plaintiff fails to pay the initial partial appeal payment, or show cause for failure to do so, then I will advise the court of appeals of plaintiff's noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

4. The clerk of court is directed to insure that the court's financial records reflect plaintiff's obligation to pay the $1.53 initial partial appeal payment and the remainder of the $505.00 appeal fee in this case.

Entered this 8th day of May, 2020.

                                                              BY THE COURT:
                                                              /s/
                                                              _____
                                                              BARBARA B. CRABB
                                                              District Judge